**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REFUNDO, LLC<br><br>Plaintiff,<br><br>v.<br><br>DRAKE ENTERPRISES, LTD & PETZ ENTERPRISES, INC.,<br><br>Defendants. | Civil Action No. 13-643 (JLL)<br><br>**ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff Refundo's ("Refundo")'s application for a preliminary injunction against Defendant Drake Enterprises, Ltd. ("Drake"). The Court has thoroughly considered the parties' written submissions, as well as the arguments presented on the record on February 15, 2013. For the reasons set forth below, Refundo's application for a preliminary injunction is denied.

**I.      BACKGROUND**

Refundo is a company that provides a software program (the "Refund Platform")[1] to individual tax preparers, such as accountants. These tax preparers use the Refund Platform to open individual bank accounts at Four Oaks Bank and Trust Company ("Four Oaks Bank") on behalf of their clients so that the Internal Revenue Service ("IRS") could deposit their income tax refund directly into these individual bank accounts.

---

[1] The parties refer to Refundo's software program as the "Refund Platform." Therefore, the Court will do the same in this Order.

1

Drake is an entity that is authorized to e-file tax returns with the IRS. Because tax preparers are generally not, themselves, authorized to e-file directly with the IRS, they must e-file their clients' tax returns through authorized entities such as Drake. Tax preparers do this by completing clients' income tax returns using Drake's software; Drake then processes and transmits the returns to the IRS.

Refundo alleges that as of January 29, 2013, Drake began refusing to e-file with the IRS any tax return in which the tax preparer had used Refundo's Refund Platform. Refundo alleges that Drake has been informing tax preparers that accounts opened at Four Oaks Bank using the Refund Platform are "under suspicion."

On February 4, 2013, Refundo filed a three-count amended complaint asserting the following causes of action: (1) tortious interference with economic advantage; (2) tortious interference with prospective economic advantage; and (3) making false descriptions and/or misleading misrepresentations in violation of the Lanham Act, 15 U.S.C. § 1125. On that same day, Refundo filed an application for an order to show cause as to why Drake and Defendant Petz Enterprises, Inc. ("Petz") should not be preliminarily enjoined from (a) refusing to accept any tax returns submitted to them for e-filing in which the tax preparer has used Refundo's Refund Platform software; (b) rejecting any tax returns submitted to them for e-filing in which the tax preparer has used the Refund Platform; and/or (c) failing to abide by the provisions of IRS Publication 1345.[2]

This Court granted Refundo's application for an Order to show cause, set an expedited briefing schedule, and heard oral argument on February 15, 2013.

---

[2] Drake subsequently withdrew its application for a preliminary injunction with respect to Petz as a result of a consent order which the Court approved on February 13, 2013. (*See* CM/ECF No. 30.)

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy that should only be granted if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (citations omitted). The party seeking a preliminary injunction bears the burden of satisfying each of these factors. *See id.*

## III. DISCUSSION

In their written submissions and during the oral argument held on February 15, 2013, the parties focused primarily on whether Refundo has established a likelihood of success on the merits. The crux of Refundo's argument is that it is likely to prevail on each of its claims because Drake's refusal to e-file tax returns using the Refund Platform amounts to a violation of IRS Publication 1345, which states that "Providers must accept any Direct Deposit election to any eligible financial institution designated by the taxpayer." In succinct terms, Drake's response to this argument is that the Refund Platform does not create a Direct Deposit, but a Bank Product, which is subject to more stringent IRS regulations than Direct Deposits.[3] Specifically, Drake argues that because the funds deposited into the Four Oaks Bank account are used to pay tax preparation fees to third parties, the taxpayer must authorize disclosure of tax-related information to such third parties pursuant to Internal Revenue Code § 7216. According to Drake, it refuses to e-file tax returns using the Refundo Platform as a means of ensuring compliance with Internal Revenue Code § 7216.

---

[3] Drake asserts that whereas a portion of the funds deposited into Bank Products are disbursed to third parties for the purpose of paying tax preparation fees, funds deposited into Direct Deposit accounts are under the sole and exclusive control of the taxpayer.

3

Although the Court appreciates the parties' diligent and extensive efforts in arguing the merits of the dispute, it will not address whether Refundo has established a likelihood of success on the merits at this juncture because Refundo has failed to satisfy the Court that it will suffer irreparable harm if its application for a preliminary injunction is denied.[4]

It is well settled that "an injury measured solely in monetary terms cannot constitute irreparable harm." *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009) (citations omitted). Put differently, "a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement." *See Minard Run Oil Co. v. United States Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011) (quoting *Frank's GMC Truck Ctr., Inc. v. GMC*, 847 F.2d 100, 102 (3d Cir. 1988)).

In this case, the Court fails to see how Refundo's alleged injuries are not purely economic. Indeed, the arguments and the evidence that Refundo has put before the Court belie any notion that Refundo's alleged injuries are not compensable in money for four primary reasons.

First, in his declaration in support of Refundo's application for an order to show cause seeking a preliminary injunction, Refundo's Chief Executive Officer, Roger Chinchilla, acknowledged that the "short window in which Refundo can ***generate income***" is what drove Refundo to seek an expedited hearing. (*See* CM/ECF No. 4-4, Chinchilla Decl. at ¶ 6., emphasis added.) Any income that Refundo loses as a result of Drake's conduct can be recovered as

---

[4] The Court is unaware of, and neither party has cited, any case law addressing the precise legal issues presented in this case. Because these legal issues are novel, the Court deems it appropriate to decline to make a preliminary assessment of Refundo's likelihood to prevail on the merits. Declining to make such an assessment is particularly appropriate in light of Refundo's clear failure to satisfy its burden of establishing a likelihood of irreparable harm without a preliminary injunction.

money damages if Refundo prevails on the merits of its claim. Accordingly, incurring such damages cannot amount to irreparable harm.

Second, Refundo has acknowledged that only 10% of Refundo's business is transacted with tax preparers who rely on Drake to e-file income tax returns. (Tr. 22:9.) Thus, Drake's allegedly wrongful conduct affects only approximately 50 of the 500 contracts into which Refundo has entered with tax preparers this year. (*See* CM/ECF No. 4, Chinchilla Decl. at ¶ 3). When asked how an impact to such a small percentage of Refundo's business could amount to irreparable harm, Refundo argued that if Drake could refuse to e-file tax returns using the Refundo Platform, other authorized e-filers (who are not defendants in this action) may follow suit. (*See* Tr. 24:22—25:1-23.) Refundo further argued that absent a preliminary injunction, Refundo will develop a negative reputation in the market, which will result in an inability to obtain new customers. (*See* Tr. 25:24-25—26:1-21.)

Refundo's theory of irreparable harm is speculative, and is unsupported by the evidence in the record. Indeed, nothing in the record suggests that other authorized IRS e-filers will refuse to e-file tax returns submitted by tax preparers who have used the Refundo Platform. Refundo's assertion of such a *speculative* and *potential* injury is insufficient to satisfy its burden of establishing that a denial of its application for a preliminary injunction will result in irreparable harm.

Third, Refundo asserts that "without the revenue from Drake, estimated [at] about $500,000 . . . [Refundo] will not have the ability to continue to develop the company." (*See* Tr. 22-25 – 27:1-9.) Assuming that Refundo can prevail on the merits of its claims, and can prove damages in the amount of $500,000, it will obtain a judgment in this amount. Such a monetarily quantifiable injury cannot amount to irreparable harm.

5

Finally, Refundo's argument that this Court should presume that it has been irreparably harmed because Drake has violated the Lanham Act is untenable. In making this argument, Refundo relies primarily on a trademark infringement case, *see Opticians Ass'n of Am. v. Independent Opticiams of Am.*, 920 F.2d 187, 196-97 (3d Cir. 1990), and on a case involving false advertising. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merk Pharms. Co.*, 290 F.3d 578, 596 (3d Cir. 2002). Neither *Opticians* nor *Novartis* contains facts analogous to this case. Accordingly, even if this Court were to conclude that Refundo is likely to succeed on the merits of its Lanham Act claim, it would nevertheless decline to presume irreparable harm.

For the foregoing reasons, **IT IS** on this 21st day of February, 2013

**ORDERED** that Refundo's application for a preliminary injunction is denied.

**SO ORDERED.**

_____
Jose L. Linares
United States District Judge